UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7679 PA (ASx) | Date | October 22, 2014 |
|---|---|---|---|
| Title | Karmela Tehrani v. JP Morgan Chase Bank, N.A., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Julieta Lozano | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant J.P. Morgan Chase Bank, N.A. ("Defendant") on October 3, 2014. Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Karmela Tehrani ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

The Notice of Removal alleges that "Plaintiff was an individual residing in the County of Los Angeles, State of California." (Notice of Removal ¶ 2.) It does not refer to Plaintiff's place of domicile

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7679 PA (ASx) | Date | October 22, 2014 |
|---|---|---|---|
| Title | Karmela Tehrani v. JP Morgan Chase Bank, N.A., et al. | | |

or citizenship.  Because an individual is not necessarily domiciled where he or she resides, Defendant has not alleged that Plaintiff is a citizen of California.  See Kanter, 265 F.3d at 857.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Id.; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963).  As a result, Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction.

For the reasons stated above, Defendants have not met their burden to establish this Court's diversity jurisdiction.  The Court therefore remands this action to Los Angeles Superior Court, Case No. BC538698, for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.